# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**BRENDA GARRETT REED**                                                           **PLAINTIFF**

**V.**                                           **CIVIL ACTION NO. 3:22-CV-00641-HTW-LGI**

**ROBERT REX MCRANEY, JR. AND**
**MCRANEY AND MCRANEY, PLLC**                                       **DEFENDANTS**

**IN RE:**                                                                 **CHAPTER 13 CASE**

**BRENDA GARRETT REED**                                        **CAUSE NO. 20-01902-JAW**

## MEMORANDUM IN SUPPORT OF
## MOTION TO DISMISS

COMES NOW, McRaney and McRaney, PLLC, by and through their attorneys and files this its Memorandum in Support of the Motion to Dismiss as follows:

## Facts

1. On July 8, 2020, Plaintiff Brenda Garrett Reed filed a Voluntary Petition for Chapter 13 Bankruptcy in the United States Bankruptcy Court for the Southern District of Mississippi.

2. On September 30, 2022, Plaintiff Brenda Garrett Reed filed a Complaint against Robert Rex McRaney, Jr. and McRaney and McRaney, PLLC in the County Court of Hinds County Mississippi, Cause No. 22-2907.

3. On November 2, 2022, Defendants Robert Rex McRaney, Jr. and McRaney and McRaney, PLLC, filed their Notice of Removal to the United States Bankruptcy Court for the Southern District of Mississippi, Northern Division. At this time the case has been transferred to the United States District Court for the Southern District of Mississippi, Northern Division.

4. In support of her claims, Plaintiff alleges three counts against the Defendants: Count One: Negligence (Legal Malpractice); Count Two: Breach of Contract; and Count Three (Breach of Fiduciary Duty).

5. Michael Reed, husband of Plaintiff Brenda Reed, filed a Chapter 13 bankruptcy in November 7, 2019. Included in this bankruptcy was the delinquent mortgage for 1828 Heather Drive, Vicksburg, Mississippi. Robert Rex McRaney, Jr. was the attorney of record for that case.

6. On March 2, 2020, this bankruptcy was dismissed.

7. On June 23, 2022, Robert Rex McRaney, Jr. filed a second Chapter 13 bankruptcy for Michael Reed. Also included in this bankruptcy was the delinquent mortgage for 1828 Heather Drive, Vicksburg, Mississippi.

8. Plaintiff filed her Chapter 13 Bankruptcy less than a month after her husband's second chapter 13 filing on July 8, 2020. Payments for the home located at 1828 Heather Drive, Vicksburg, Mississippi were not included in this plan payment as they were to be paid through Mr. Reed's Chapter 13 bankruptcy.

9. Plaintiff's bankruptcy was proposed to pay for a 2015 Chevrolet Equinox.

10. On December 18, 2020, Mr. Reed's second bankruptcy was dismissed for failure to make plan payments.

11. On October 22, 2021, Tower Loan filed a Motion for Relief in the Plaintiff's bankruptcy stating that Mr. Reed's bankruptcy was dismissed, and the mortgage payments are not being made directly to Tower Loan.

**Motion to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted**

12. For the Plaintiff to establish a viable claim against McRaney and McRaney, PLLC, she must sufficiently state a claim upon which relief can be granted.

13. F.R.C.P. Rule 12(b)(6) is the applicable standard for adversary proceedings per Rule 7012(b) of the Federal Rules of Bankruptcy Procedure. *Parker v. Miller (In re Miller),* 589 B.R. 550, 560 (Bankr. S.D. Miss. 2018).

14. "The purpose of Rule 12(b)(6) is to test the formal sufficiency of a claim for relief rather than the substantive merits of the case." *Id.* citing 5B CHARLES ALAN WRIGHT & ARTHER R. MILLER, FEDERAL PRATICE & PROCEDURE § 1356 (3d ed. 2004).

15. In making its determination regarding a Rule 12(b)(6) motions, the Court can generally only consider the information contained in the Complaint. *Rodriguez v. Rutter,* 310 F. App'x 623, 626 (5th Cir. 2009) (citing *Scanlan v. Tex. A & M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003).

16. However, there are exceptions to this general rule in that a Court may consider "documents attached to a motion to dismiss or a response to that motion when they are referred to in the complaint and are central to the plaintiff's claims." *Vanderbrook v. Unitrin Preferred Ins. Co (In re Katrina Canal Breaches Litig.),* 495 F.3d 191, 205 (5th Circ. 2007) (citing *Causey v. Sewell Cadillac-Chevrolet, Inc.,* 394 F.3d 285, 288 (5th Circ. 2004). The Court may also consider matters of which a court may take judicial notice under the Federal Rules of Evidence. *Funk v. Stryker Corp.,* 631 F.3d 777, 783 (5th Circ. 2011). Citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322, 127 S.Ct. 2499, 168 L.Ed. 179 (2007) (citations omitted) and *Taylor v. Charter,* 162 F.3d 827, 829 (5th Cir. 1998).

17. "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed.R.Evid. 201(b).

18. This Motion to Dismiss incorporates the Plaintiff's Complaint as well as multiple filings and orders filed in the United States Bankruptcy Court for the Southern District of Mississippi and subject to the court's ability to take judicial notice of these documents.

*The Actions or Inactions of McRaney and McRaney, PLLC in the Plaintiff's Chapter 13 Bankruptcy were Not the Proximate Cause of the Foreclosure*

19. Count One of Plaintiff's case alleges that McRaney and McRaney, PLLC, failed to exercise reasonable care, skill and diligence in representing Plaintiff and this failure led to the economic loss of the Plaintiff's house.

20. To recover damages for negligence or legal malpractice the Plaintiff must prove the following: "the existence of an attorney-client relationship, the acts constituting negligence, that the negligence proximately caused the injury, and the fact and extent of the injury." *Lane v. Oustalet*, 873 So.2d 92, 98-99 (Miss. 2004). See also *Owen v. Pringle*, 621 So.2d 668, 670-671 (Miss. 1993) ("[A]n action for malpractice will lie only where… causation but for the attorney there would have been successful outcome in the underlying action).") citing *Hickox v. Holleman*, 502 So.2d 626 (Miss. 1987).

21. The Plaintiff has alleged no set of facts that overcomes the simple fact that neither she nor her husband made their mortgage payments. Further, Plaintiff and her husband are well acquainted with filing bankruptcy to stop a pending foreclosure as Mr. Reed has filed two chapter 13 bankruptcies that included a mortgage arrearage to Tower Loan. See *Chambers v. Campbell*, 968 So.2d 949, 951 (Miss. App. 2005) (Plaintiff's claim for legal malpractice failed against the attorney after he was unable to set aside a foreclosure sale because the Plaintiffs could not and were not able to pay the original debt).

22. The proximate cause of the Plaintiff losing her home is the fact that the mortgage wasn't paid. There is no guarantee that if Tower Loan's Motion for Relief had been responded to and the Chapter 13 plan amended to pay for the mortgage that the bankruptcy would have been successful. Especially in light of the fact that two previous bankruptcies to save the home were dismissed for non-payment.

23. The Plaintiff's claim for Negligence (Legal Malpractice) fails to state a claim upon which relief can be granted.

### No Contract Existed Between the Plaintiff and McRaney and McRaney, PLLC

24. Count Two of Plaintiff's case rests upon the alleged contract entered between the Plaintiff and Robert Rex McRaney, Jr. and/or McRaney and McRaney, PLLC, for representation in a Chapter 13 bankruptcy. However, no such contract exists, and as such Count Two: Breach of Contract in the Plaintiff's complaint must fail.

25. In Mississippi a Plaintiff may not bring an action against a defendant for any agreement which is not to be performed within the space of fifteen months from the date of its execution unless there is a written, lawfully authorized contract. See Miss. Code Ann. §15-3-1(d).

26. In general, the rules for Chapter 13 bankruptcy filers require that the Chapter 13 payment plan be for a period of at least three years, but not longer than five years. See 11 U.S.C. § 1322.

27. In Mississippi, oral contracts for terms that exceed 15 months, and cannot be performed within the space of 15 months, are unenforceable in a breach of contract action. See *Johnson v. Edwards Family P'ship, LP (In re Cmty. Home Fin. Servs., Inc.),* 583 B.R. 1, 95 (Bankr. S.D. Miss. 2018) (*The loans at issue all were for terms longer than 5 years and could*

*not be performed in the space of fifteen (15) months. Thus, they were unenforceable per the Statute of Frauds*).

28. As the representation for a Chapter 13 bankruptcy cannot be completed in less than 15 months, the Statue of Frauds requires the contract to be in writing to sustain a breach of contract claim.

29. There is no written contact between the Plaintiff and Robert Rex McRaney, Jr. and/or McRaney and McRaney, PLLC, County Two: Breach of Contract against McRaney and McRaney, PLLC as filed in the Complaint in the County Court of hinds County fails to state a claim upon which relief can be granted.

### *The Claim for Breach of Fiduciary Duty is not Pled with Particularity as Required*

30. Plaintiff's claim for breach of fiduciary duty simply states: "The aforesaid actions of the Defendants constitute breach of fiduciary duty. Because of the aforesaid breach of fiduciary duty, the Plaintiff is entitled to damages against the Defendants for the amount of money that it would take to put the Plaintiff in as good a position as she would have been in if Defendants had not breached the contract. The Plaintiff is also entitled to recovery from the Defendants all other compensatory damages.

31. The Mississippi Supreme Court has held that "'[i]f a complaint is intended to allege breach of fiduciary duty, it would be necessary to state with particularity the facts which purportedly created the duty that was breached, so that the court could determine as a matter of law whether there was such a duty.'" *O'Brien v. Alfonso*, 240 So.3d 471, 478 (Miss. App. 2018) citing *Wilbourn v. Stennett, Wilkinson & Ward,* 687 So.2d 1205, 1216 (Miss. 1996). "The supreme court clarified that 'merely mak[ing] the conclusory statement that a fiduciary duty was violated' in the complaint 'is not sufficient.'" *Id.*

32. Plaintiff plainly made the naked statement that McRaney and McRaney, PLLC breached its fiduciary duty to her without elaboration. As pled, this claim fails to state a claim up which relief can be granted.

WHEREFORE, Defendant McRaney and McRaney, PLLC, request that the court enter an order dismissing the complaint in its entirety.

DATE: November 9, 2022.

Respectfully submitted,

MCRANEY AND MCRANEY, PLLC

By: /s/ Allison W. Killebrew
    ALLISON W. KILLEBREW

Allison W. Killebrew, MSB No. 102431
McRaney & McRaney, PLLC
P.O. Drawer 1397
Clinton, MS 39060
Telephone: (601) 953-2814
Fax: (601) 924-1516
allison@mcraneymcraney.com

## CERTIFICATE OF SERVICE

    I hereby certify that on this day I electronically filed the foregoing pleading or other paper with the Clerk of the Court using the MEC system which sent notification of such filing to the following:

Attorney for Plaintiff
Samuel L. Begley
Post Office Box 287
Jackson, Mississippi 39205
begleylaw@gmail.com

U.S. Trustee
United States Trustee
501 East Court Street
Suite 6-430
Jackson, MS 39201
USTPRegion05.JA.ECF@usdoj.gov

This the 9th day of November, 2022.

                                        /s/ Allison W. Killebrew
                                        Allison W. Killebrew